1
2
3
4
5          **UNITED STATES DISTRICT COURT**
6          **SOUTHERN DISTRICT OF CALIFORNIA**
7

8    RAFAEL DAVID SHERMAN,                    CASE NO. 13cv1986-WQH-
     Individually and on Behalf of All        WMc
9    Others Similarly Situated,
                                              ORDER
10                              Plaintiff,
11         vs.
     RMH, LLC; and RANCHO
12   CHRYSLER JEEP DODGE a/k/a
     RANCHO AUTO GROUP a/k/a
13   RANCHO CHRYSLER a/k/a
     RANCHO JEEP,
14
                               Defendants.
15   HAYES, Judge:

16         The matter before the Court is the Motion to Dismiss Complaint and Compel

17   Arbitration Or Alternatively to Stay Proceedings ("Motion to Compel Arbitration"),

18   filed by Defendant GPI SD-DC, Inc., dba Rancho Chrysler Dodge Jeep Ram

19   ("Defendant").  (ECF No. 5).

20   **I.    Background**

21         On August 27, 2013, Plaintiff initiated this action by filing a Complaint in this

22   Court.  (ECF No. 1).  The Complaint alleges: "In late June of 2013, Defendants

23   contacted Plaintiff on Plaintiff's cellular telephone in an attempt to sell him goods or

24   services via an 'automatic telephone dialing system,' as defined by 47 U.S.C. §

25   227(a)(1) using an 'artificial or prerecorded voice' as prohibited by 47 U.S.C. §

26   227(b)(1)(A)."  *Id.* ¶ 20.  The Complaint asserts two class action claims for violation

27   of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.*

28         On October 16, 2013, Defendant filed the Motion to Compel Arbitration.  (ECF

No. 5).  On November 4, 2013, Plaintiff filed an opposition to the Motion to Compel Arbitration.  (ECF No. 8).  On November 8, 2013, Defendant filed a reply brief.  (ECF No. 9).  On November 11, 2013, Plaintiff filed an objection to Defendant's reply brief on the basis that the reply brief exceeds the page limitations set by the Court's Local Rules.  (ECF No. 10).  On November 12, 2013, Defendant filed an amended reply brief which complies with the page limitations set by the Local Rules.[1]  (ECF No. 11).

## II.    Facts

On June 25, 2010, Plaintiff purchased a pre-owned 2006 Mazda Tribute from Defendant's auto dealership in San Diego.  (Crumlish Decl. ¶ 4, ECF No. 5-2).  The purchase transaction was memorialized in a "Retail Installment Sales Contract" ("Contract"), which was signed by the Plaintiff and a representative of Defendant on June 25, 2010.  *Id*. ¶ 3, Ex. A, ECF No. 5-3.  The Contract is a one-page document, with terms on both sides of the document.  Plaintiff signed the front side of the Contract, and above his signature is the following language written in capital letters and boldface type: "YOU ACKNOWLEDGE THAT YOU HAVE READ BOTH SIDES OF THIS CONTRACT, INCLUDING THE ARBITRATION CLAUSE ON THE REVERSE SIDE, BEFORE SIGNING BELOW."  *Id*.  On the reverse side of the Contract, at the bottom of the page, is a large box with the following heading in capital letters and boldface type: "ARBITRATION CLAUSE" and "PLEASE REVIEW – IMPORTANT – AFFECTS YOUR LEGAL RIGHTS."  *Id*.  The arbitration clause within the large box states:

> 1. EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.
>
> 2. IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.

---

[1] In deciding the Motion to Compel Arbitration, the Court considers the amended reply brief, and does not consider the initial reply brief.  Plaintiff's objection to the initial reply brief is overruled as moot.

3. DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.

Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Clause, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arise out of or relate to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. If federal law provides that a claim or dispute is not subject to binding arbitration, this Arbitration Clause shall not apply to such a claim or dispute. Any claim or dispute is to be arbitrated by a single arbitrator on an individual basis and not as a class action. You expressly waive any right you may have to arbitrate a class action. You may choose one of the following arbitration organizations and its applicable rules: the National Arbitration Forum Box 50191, Minneapolis, MN 55405-0191 (www.arb-forum.com), the American Arbitration Association, 335 Madison Ave., Floor 10, New York, NY 10017-4605 (www.adr.org), or any other organization that you may choose subject to our approval. You may get a copy of the rules of these organizations by contacting the arbitration organization by visiting its website.

Arbitrators shall be attorneys or retired judges and shall be selected pursuant to the applicable rules. The arbitrator shall apply governing substantive law in making an award. The arbitration hearing shall be conducted in the federal district in which you reside unless the Creditor Seller is a party to the claim or dispute, in which case the hearing will be held in the federal district where this Contract was executed. We will advance your filing, administration, service or case management fee and your arbitrator or hearing fee all up to a maximum of $2,500, which may be reimbursed by decision of the arbitrator at the arbitrator's discretion. Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law. If the chosen arbitration organization's rules conflict with this Arbitration Clause, then the provisions of this Arbitration Clause shall control. The arbitrator's award shall be final and binding on all parties, except that in the event the arbitrator's award for a party is $0 or against a party is in excess of $100,000, or includes an award of injunctive relief against a party, that party may request a new arbitration under the rules of the arbitration organization by a three-arbitrator panel. The appealing party requesting new arbitration shall be responsible for the filing fee and other arbitration costs subject to a final determination by the arbitrators of a fair apportionment of costs. Any arbitration under this Arbitration Clause shall be governed by the Federal Arbitration Act (9 U.S.C. § 1 et seq.) and not by any state law concerning arbitration.

You and we retain any rights to self-help remedies, such as repossession. You and we retain the right to seek remedies in small claims court for disputes or claims within the court's jurisdiction, unless such action is transferred, removed or appealed to a different court. Neither you nor we waive the right to arbitrate by using self-help remedies or filing suit. Any court having jurisdiction may enter judgment on the arbitrator's award.

This Arbitration Clause shall survive any termination, payoff or transfer of this Contract. If any part of this Arbitration Clause, other than waivers of class action rights, is deemed or found to be unenforceable for any reason, the remainder shall remain enforceable. If a waiver of class actions rights is deemed or found to be unenforceable for any reason in a case in which class action allegations have been made, the remainder of this Arbitration Clause shall be unenforceable.

*Id.*

In a declaration, Plaintiff states: "Prior to signing the Retail Installment Sale Contact, I did not specifically read the arbitration clause that appears towards the bottom and reverse side of the Retail Installment Sale Contact.... When I signed the Retail Installment Sale Contact, I did not understand that I was agreeing to arbitrate any and all disputes that I may have with Rancho Chrysler Dodge Jeep Ram." (Sherman Decl. ¶¶ 5-6, ECF No. 8-1). Plaintiff states that he did not negotiate the terms of the arbitration clause, nor did he take part in the drafting of the preprinted Contact. *See id.* ¶ 10.

On November 26, 2010, Plaintiff had his vehicle serviced at Defendant's auto dealership. (Crumlish Decl. ¶ 5, ECF No. 5-2). "On or about March 25, 2011, [Plaintiff] traded in the Mazda Tribute to San Diego Auto Connection." (Sherman Decl. ¶ 11, ECF No. 8-1).

Plaintiff's attorney submits a transcription of "what appears to [the attorney] to be a prerecorded voice message that was allegedly received on Plaintiff's cellular telephone [in late June of 2013] by [Defendant] or someone acting on behalf of [Defendant]." (Ibey Decl. ¶ 3, ECF No. 8-2). The transcription is as follows:

Hello, I'm calling on behalf of Bernie Vasallo, the Internet manager at Rancho Dodge Chrysler Jeep. I am calling to let you know it's the anniversary of your vehicle's purchase and it's time for another status review of your ownership experience. Your feedback is greatly appreciated. We truly hope your vehicle continues to perform as expected, your interactions with our team remain positive, and your overall ownership experience is going well. If you have any questions or concerns, we encourage you to contact us directly at 858-560-7100. Again, we value your business and look forward to a long and positive relationship. Thanks very much, and have a great day.

*Id.* ¶ 4.

## III.   Contentions of the Parties

Defendant contends that the arbitration clause in the Contract is enforceable and neither substantively nor procedurally unconscionable under California law. Defendant contends that the arbitration clause encompasses the issues raised by the Complaint. Defendant requests that "the matter [be] ordered to arbitration and dismissed, or stayed pending the arbitration proceeding." (ECF No. 5-1 at 6).

Plaintiff requests that the Court deny the motion in its entirety. Plaintiff contends:

> The arbitration clause contained in the Retail Installment Sale Contract provided by Defendant should not be enforced for a number of reasons. First, there is insufficient evidence that Plaintiff ever agreed to the arbitration clause, especially when Plaintiff did not read the arbitration clause prior to signing the Agreement and the arbitration clause was never called to Plaintiff's attention by Defendant. Second, even if Plaintiff had agreed to arbitration, the arbitration clause is unconscionable and therefore [un]enforceable. The Agreement used by Defendant ... by virtue of its terms limiting Plaintiff's ability to represent a class, coupled with the overbroad scope of the agreement, is a procedurally and substantively unconscionable contract.
>
> Defendant's alternative request for a stay should be denied because, even if the arbitration clause were enforceable, the arbitration clause does not cover the alleged misconduct in this case under the TCPA and would serve only to delay the progress of this litigation.

(ECF No. 8 at 9-10).

## IV.   Discussion

### A.   Federal Arbitration Act

The Federal Arbitration Act ("FAA") "was enacted ... in response to widespread judicial hostility to arbitration agreements." *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1745 (2011) (citation omitted). Section 2 of the FAA states: "A written provision in any ... contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Section 2 of the FAA "reflect[s] both a liberal federal policy favoring arbitration and the fundamental principle that arbitration is a matter of contract." *Concepcion*, 131 S. Ct. at 1745 (quotations omitted). "In line with these principles, courts must place arbitration

agreements on an equal footing with other contracts, and enforce them according to their terms." *Id*. at 1745-46 (citations omitted).

"The basic role for courts under the FAA is to determine (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Kilgore v. KeyBank, Nat'l Ass'n*, 718 F.3d 1052, 1058 (9th Cir. 2013) (en banc) (quotation omitted). "If the response is affirmative on both counts, then the [FAA] requires the court to enforce the arbitration agreement in accordance with its terms." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). "[T]he party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." *Green Tree Fin. Corp. v. Randolph*, 531 U.S. 79, 91-92 (2000).

## B.   Plaintiff's Agreement to the Arbitration Clause

Plaintiff contends that "arbitration cannot be compelled under the FAA due to lack of mutual assent to the terms of the arbitration agreement because Plaintiff did not read the arbitration clause or understand that Plaintiff was agreeing to arbitration." (ECF No. 8 at 11).

Pursuant to California law,[2] the "general rule" is that "one who signs an instrument which on its face is a contract is deemed to assent to all its terms. A party cannot avoid the terms of a contract on the ground that he or she failed to read it before signing." *Metters v. Ralphs Grocery Co.*, 161 Cal. App. 4th 696, 701 (2008) (quotation omitted). "[A]n exception to the general rule exists when the writing does not appear to be a contract and the terms are not called to the attention of the recipient. In such a case, no contract is formed with respect to the undisclosed term." *Id*. at 702 (quotation omitted). Plaintiff relies upon *Windsor Mills, Inc. v. Collins and Aikman Corp.*, 25 Cal. App. 3d 987 (1972), wherein the court found an arbitration provision unenforceable because it was in small print on the reverse side of a form on which a carpet

---

[2] The parties agree that California law applies in deciding this issue. (ECF No. 8 at 12; ECF No. 11 at 5).

manufacturer acknowledged receipt of yarn shipments from the yarn distributor. The court stated that an offeree "is not bound by inconspicuous contractual provisions of which he was unaware, contained in a document whose contractual nature is not obvious." *Id.* at 993 (citations omitted).

In this case, the Contract is entitled, "Retail Installment Sales Contract" (Crumlish Decl., Ex. A, ECF No. 5-3), and the "contractual nature" of the document is "obvious." *Windsor Mills*, 25 Cal. App. 3d at 993. Plaintiff signed the front side of the Contract, and above his signature is the following language written in capital letters and boldface type: "YOU ACKNOWLEDGE THAT YOU HAVE READ BOTH SIDES OF THIS CONTRACT, INCLUDING THE ARBITRATION CLAUSE ON THE REVERSE SIDE, BEFORE SIGNING BELOW." (Crumlish Decl., Ex. A, ECF No. 5-3). On the reverse side of the Contract, the arbitration clause is set apart from the rest of the text in a large box with the following heading in capital letters and boldface type: "ARBITRATION CLAUSE" and "PLEASE REVIEW – IMPORTANT – AFFECTS YOUR LEGAL RIGHTS." *Id.* The arbitration clause in the Contract is not an "inconspicuous contractual provision." *Windsor Mills*, 25 Cal. App. 3d at 993. Plaintiff has made no showing that any representative of Defendant engaged in fraud or misrepresentation as to the terms of the Contract or the arbitration clause. Based upon the record, the Court finds that the "general rule" that "one who signs an instrument which on its face is a contract is deemed to assent to all its terms" should apply in this case. *Metters*, 161 Cal. App. 4th at 701 (quotation omitted).

## C.    Unconscionability

"Under the FAA savings clause, state law that arose to govern issues concerning the validity, revocability, and enforceability of contracts generally remains applicable to arbitration agreements." *Kilgore*, 718 F.3d at 1058 (quotation omitted). "Thus, generally applicable contract defenses, such as fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements without contravening § 2." *Id.* (quotation omitted). "Under California law, a contractual provision is unenforceable

if it is both procedurally and substantively unconscionable." *Id.* (citing *Armendariz v. Found. Health Psychcare Servs., Inc.*, 24 Cal. 4th 83, 114 (2000)).  "[T]he more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa." *Armendariz*, 24 Cal. 4th at 114.  "[T]he party opposing arbitration has the burden of proving the arbitration provision is unconscionable." *Higgins v. Superior Court*, 140 Cal. App. 4th 1238, 1249 (2006) (quotation omitted).

## 1.   Substantive Unconscionability

"Substantive unconscionability focuses on the one-sidedness or overly harsh effect of the contract term or clause." *Kilgore*, 718 F.3d at 1058 (quotation omitted). "The term [substantive unconscionability] focuses on the terms of the agreement and whether those terms are so one-sided as to *shock the conscience*." *Davis v. O'Melveny & Myers*, 485 F.3d 1066, 1075 (9th Cir. 2007) (quotation omitted), *overruled on other grounds by Kilgore v. KeyBank, Nat'l Ass'n*, 673 F.3d 947, 960 (9th Cir. 2012). Plaintiff contends that "[t]he arbitration clause is substantively unconscionable because it would not permit Plaintiff to vindicate his statutory rights under the TCPA, is unfairly one-side, and therefore shocks the conscience." (ECF No. 8 at 21).  Plaintiff contends that "[t]he arbitration clause is unfairly one-sided in favor of Defendant because it is highly unlikely that Defendant would ever sue consumers on a class action basis," and "[e]nforcing the arbitration clause's class action waiver and thus precluding a class action by Plaintiff here would essentially deny Plaintiff his statutory rights to seek damages under the TCPA." *Id*. at 22, 24.  Plaintiff contends that "[i]t is highly unlikely that Plaintiff would be able to find legal representation for a single violation of the TCPA in an individual action sent to arbitration." *Id*. at 26.

The arbitration clause in the Contract states: "Any claim or dispute is to be arbitrated by a single arbitrator on an individual basis and not as a class action.  You expressly waive any right you may have to arbitrate a class action." (Crumlish Decl., Ex. A, ECF No. 5-3).  Plaintiff contends that this "ban on class arbitration is

unconscionable under California law, but that argument is now expressly foreclosed by *Concepcion*, 131 S. Ct. at 1753." *Kilgore*, 718 F.3d at 1058; *see also Concepcion*, 131 S. Ct. at 1751 ("[C]lass arbitration, to the extent it is manufactured by [a California rule that made class action waivers unconscionable] rather than consensual, is inconsistent with the FAA.").

Plaintiff's contention that the single violation of the TCPA alleged in the Complaint would cost more for an attorney to litigate than the Plaintiff could expect to recover is similar to an argument rejected by the *Concepcion* majority. *See Concepcion*, 131 S. Ct. at 1753 ("The dissent claims that class proceedings are necessary to prosecute small-dollar claims that might otherwise slip through the legal system. But States cannot require a procedure that is inconsistent with the FAA, even if it is desirable for unrelated reasons."); *see also Coneff v. AT&T Corp.*, 673 F.3d 1155, 1159 (9th Cir. 2012) ("Although Plaintiffs argue that the claims at issue in this case cannot be vindicated effectively because they are worth much less than the cost of litigating them, the *Concepcion* majority rejected that premise."); *cf. Am. Exp. Co. v. Italian Colors Rest.*, 133 S. Ct. 2304, 2311 (2013) ("[T]he fact that it is not worth the expense involved in proving a statutory remedy does not constitute the elimination of the *right to pursue* that remedy. The class-action waiver merely limits arbitration to the two contracting parties.").

The arbitration clause in the Contract contains a provision that Defendant "will advance [the purchaser's] filing, administration, service or case management fee and [the purchaser's] arbitrator or hearing fee all up to a maximum of $2,500, which may be reimbursed by decision of the arbitrator at the arbitrator's discretion." (Crumlish Decl., Ex. A, ECF No. 5-3). The arbitration clause also allows the arbitrator to award attorney's fees "under applicable law." *Id*. In light of the provision requiring Defendant to advance a consumer's arbitration fees, and the lack of evidence demonstrating that the arbitration clause will preclude Plaintiff from vindicating his rights under the TCPA, the Court finds that Plaintiff has failed to meet his burden of

showing that the arbitration clause is substantively unconscionable.  *See Green Tree Fin. Corp.*, 531 U.S. at 90-91 ("It may well be that the existence of large arbitration costs could preclude a litigant such as Randolph from effectively vindicating her federal statutory rights in the arbitral forum.  But the record does not show that Randolph will bear such costs if she goes to arbitration....  The risk that Randolph will be saddled with prohibitive costs is too speculative to justify the invalidation of an arbitration agreement.") (quotation omitted); *Coneff*, 673 F.3d at 1159 (finding no substantive unconscionability in the class-action waiver in an arbitration provision, and noting that "the arbitration agreement here has a number of fee-shifting and otherwise pro-consumer provisions" which allow "aggrieved customers ... to be made whole"); *cf. Chavarria v. Ralphs Grocery Co.*, 733 F.3d 916, 925-26 (9th Cir. 2013) (finding arbitration provision substantively unconscionable because of multiple "unconscionable terms," including a cost term that "requires that the arbitrator impose significant costs on the employee up front, regardless of the merits of the employee's claims, and severely limits the authority of the arbitrator to allocate arbitration costs in the award").

## 2.    Procedural Unconscionability

"Procedural unconscionability focuses on the factors of surprise and oppression." *Kilgore*, 718 F.3d at 1059 (quotation omitted).  "'Oppression arises from an inequality of bargaining power that results in no real negotiation and an absence of meaningful choice,' while '[s]urprise involves the extent to which the supposedly agreed-upon terms are hidden in a prolix printed form drafted by the party seeking to enforce them.'" *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1280 (9th Cir. 2006) (quoting *Flores v. Transamerica HomeFirst, Inc.*, 93 Cal. App. 4th 846, 853 (2001)).

Plaintiff contends that the arbitration clause is procedurally unconscionable because the "arbitration agreement is a contract of adhesion where the inconspicuous arbitration clause was not called to Plaintiff's attention by Defendant or read by Plaintiff," and "[t]here is no evidence that Defendant provided Plaintiff with the arbitration rules for the National Arbitration Forum."  (ECF No. 8 at 18, 21).

Plaintiff states in a declaration that he did not negotiate the terms of the arbitration clause, nor did he take part in the drafting of the preprinted Contact. (Sherman Decl. ¶ 10, ECF No. 8-1).  In light of the Supreme Court's decision in *Concepion*, the Court does not find that the adhesive nature of the agreement weighs strongly in favor of a finding of procedural unconscionability.  *Cf. Concepion*, 131 S. Ct. at 1750 (holding that California's "*Discover Bank* rule" is preempted by the FAA in part because "[t]he rule is limited to adhesion contracts, but the times in which consumer contracts were anything other than adhesive are long past").

Plaintiff contends that the arbitration clause is unconscionable because Defendant did not provide Plaintiff with a copy of the arbitration rules for the National Arbitration Forum or the American Arbitration Association.  The arbitration clause states: "You may choose one of the following arbitration organizations and its applicable rules: the National Arbitration Forum Box 50191, Minneapolis, MN 55405-0191 (www.arb-forum.com), the American Arbitration Association, 335 Madison Ave., Floor 10, New York, NY 10017-4605 (www.adr.org), or any other organization that you may choose subject to our approval.  You may get a copy of the rules of these organizations by contacting the arbitration organization by visiting its website." (Crumlish Decl., Ex. A, ECF No. 5-3).  California courts have found that a degree of procedural unconscionability may be found when an arbitration provision refers to arbitration rules, but a copy of those rules are not provided to the individual.  *See Zullo v. Superior Court*, 197 Cal. App. 4th 477, 485 (2011) ("The absence of the [American Arbitration Association] arbitration rules adds a bit to the procedural unconscionability.").  In this case, the arbitration clause does not require the purchaser to choose the National Arbitration Forum or the American Arbitration Association, but simply offers those two organizations as options for the purchaser.  The arbitration clause also mitigates any small degree of procedural unconscionability by directing the consumer to the organizations' websites to obtain each organization's rules.

As discussed above, the arbitration provision is not hidden in the Contract; it is

referenced in boldface type close to Plaintiff's signature line, and the clause itself is set out in a prominent fashion on the reverse side of the one-page contract. The Court finds that Plaintiff has failed to make an adequate showing of unconscionability necessary to render the arbitration clause in the Contract unenforceable.

### D.        Whether the Agreement Encompasses the Dispute at Issue

Plaintiff contends that the Motion to Compel Arbitration should be denied because the arbitration clause does not cover the misconduct alleged. Plaintiff relies upon *In re Jiffy Lube International, Inc., Text Spam Litigation*, 847 F. Supp. 2d 1253 (S.D. Cal. 2012), where the district court denied a motion to compel arbitration of a TCPA class-action claim alleging that plaintiffs received unauthorized text messages offering discount Jiffy Lube services. The arbitration agreement at issue was allegedly signed by a plaintiff when he visited one of the defendant's store locations to receive an oil change. The court stated that the language of the arbitration agreement was "incredibly broad" because "[i]t purports to apply to 'any and all disputes' between [the parties], and is not limited to disputes arising from or related to the transaction or contract at issue." *Id*. at 1262. The court stated that "a suit ... regarding a tort action arising from a completely separate incident could not be forced into arbitration—such a clause would clearly be unconscionable." *Id*. at 1263. The court "decline[d] to rewrite the agreement " to contain a "typical limitation, such as that the dispute at issue must 'arise out of or relate to' the contract," and stated that even if the court were willing to do so, "it is doubtful whether that language would encompass the claims here." *Id*.

In this case, the arbitration clause in the Contract is not as broad as the provision in *Jiffy Lube*. The Contract states: "Any claim or dispute, whether in contract, tort, statute or otherwise ..., between you and us or our employees, agents, successors or assigns, which *arise out of or relate to* your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship ... shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action."

1    (Crumlish Decl., Ex. A, ECF No. 5-3 (emphasis added)).  Unlike the contract for a one-

2    time oil change at issue in *Jiffy Lube*, the Contract in this case envisions an ongoing

3    relationship between Plaintiff and Defendant.  *See id*. (providing for a 59 month/5 year

4    payment term, requiring monthly payments of $199.73 by Plaintiff to Defendant).

5         The alleged phone message that forms the basis of the TCPA claims states: "I am

6    calling to let you know it's the anniversary of your vehicle's purchase and it's time for

7    another status review of your ownership experience....  We truly hope your vehicle

8    continues to perform as expected, your interactions with our team remain positive, and

9    your overall ownership experience is going well.  If you have any questions or

10   concerns, we encourage you to contact us directly...."  (Ibey Decl. ¶ 4, ECF No. 8-2).

11   The Court finds that Plaintiff's TCPA claims relate to his Contract with Defendant, and,

12   accordingly, are subject to arbitration.  *See Moses H. Cone Memorial Hosp. v. Mercury*

13   *Constr. Corp.*, 460 U.S. 1, 24-25 (1983) ("any doubts concerning the scope of arbitrable

14   issues should be resolved in favor of arbitration"); *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d

15   716, 720 (9th Cir. 1999) ("[A]n arbitration clause containing the phrase 'any and all

16   disputes arising under the arrangements contemplated hereunder' must be interpreted

17   liberally.... To require arbitration, Simula's factual allegations need only 'touch matters'

18   covered by the contract containing the arbitration clause and all doubts are to be

19   resolved in favor of arbitrability.") (citations omitted).

20   **V.    Conclusion**

21        IT IS HEREBY ORDERED that the Motion to Compel Arbitration is

22   GRANTED.  (ECF No. 5).  The Complaint is dismissed without prejudice and the

23   parties are ordered to proceed to arbitration in accordance with the terms of the

24   arbitration clause in the Contract.

25   DATED:  January 2, 2014

26                              *William Q. Hayes*

27                              **WILLIAM Q. HAYES**
                               United States District Judge

28